Per Curiam.

The record certified to this court consists of the pleadings, transcript of docket entries in the Court of Common Pleas and the Court of Appeals, the judgment entries of each court and the bill of exceptions.
The bill of exceptions consists of the judgment entry of the Court of Common Pleas, a motion by defendant to vacate the journal entry and to reassign the cause for trial, and the entry of the trial court overruling such motion.
The memorandum of the attorney for the defendant in support of the motion to vacate is set forth in full as a part of the bill of exceptions. Such memorandum is not, however, evidence in the case.
*252 The entry of the court granting judgment, dated April 4, 1955, is as follows:
“This day this cause came on to be heard, having been regularly assigned for trial, by agreement of the parties, and the court being fully advised in the premises.
“It is hereby ordered that the plaintiff William E. Connor [Conner] recover of defendant Bessie Davis, the sum of two hundred and fifty dollars, ($250) and costs herein, for which judgment is hereby rendered in favor of said plaintiff against the defendant Bessie Davis.
“Reynolds [signed]
Judge, Common Pleas Court.
“Approved:
“Mitchell N. Nachman [signed]
Attorney for the plaintiff
“ [no signature]
Attorney for the defendant.”
The next entry of the trial court, dated April 29,1955, is as follows:
“This day this cause came on upon the motion of the defendant to vacate judgment entry and the court being fully advised and fully satisfied in the premises, finds said motion to be not well-taken, and
“It is therefore ordered that said motion be and it hereby is overruled, and
“It is therefore considered by the court that the plaintiff recover of the defendant the sum of two hundred and fifty dollars ($250) and costs for which judgment is hereby rendered against the defendant Bessie Davis and in favor of plaintiff William E. Conner.
“Exceptions to the defendant.
“Reynolds [signed]
Judge, Common Pleas Court, Franklin Co.
*253 “Approved:
“Mitcliell N. Nachman [signed]
Attorney for the plaintiff.
“ [no signature]
Attorney for the defendant
Have seen, [typed]”
At the hearing on the motion to certify the record, it was asserted in the briefs and in oral argument that, when the case was first called for trial before a judge of the Common Pleas Court, the parties to the action agreed before the judge to a settlement of the case upon the payment by defendant to the plaintiff of the sum of $250; that subsequently defendant withdrew her consent to such settlement and refused to pay the agreed amount; that a motion for a citation in contempt, supported by an affidavit by plaintiff relating these facts, was filed; and that, when the parties and counsel were all in court following the service of the citation, judgment Avas entered as set fortli above.
The record does not contain any evidence disclosing the circumstances under which this judgment Avas entered, and it will therefore be presumed to be regular. The date of „ the entry of judgment is subsequent to the date of the filing of the motion for the defendant to show cause why she should not be held to be in contempt of court, but the bill of exceptions does not disclose anything that took place in the courtroom either on April , 4 or April 29. This court, of course, cannot indulge in speculations as to what occurred on those occasions. The record fails also to disclose any debatable constitutional question.
The judgment of the Court of Appeals is, therefore, affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Steavart, Taet, Matthias and Herbert, JJ., concur.